# United States Navy–Marine Corps Court of Criminal Appeals

Before
MONAHAN, HOLIFIELD, and HACKEL
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brett M. LIZOTTE**
Machinist Mate First Class (E-6), U.S. Navy
*Appellant*

**No. 202100346**

————————————

Decided: 30 August 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Chad C. Temple

Sentence adjudged 7 October 2021 by a special court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-3 and a bad-conduct discharge.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Major Kerry E. Friedewald, USMC*

_____


**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**


_____


PER CURIAM:

Appellant was convicted, pursuant to his pleas, of two specifications of false official statement and a single specification of larceny, in violation of Articles 107 and 121, Uniform Code of Military Justice [UCMJ],[1] for fraudulently obtaining military housing allowance by making multiple false statements about where his wife resided at the time.

Appellant asserts two assignments of error [AOEs]: (1) the sentence limitation portion of the plea agreement contained impermissible limitations under a plain reading of R.C.M. 705(d) and should not have been accepted; (2) the plea agreement contained a prohibited and unenforceable provision requiring the military judge to award a specific sentence, violating public policy. We find no prejudicial error and affirm.


## I. BACKGROUND

Appellant pleaded guilty on 7 October 2021. Prior to his plea, he entered into a plea agreement with the convening authority. According to the terms of the plea agreement, Appellant would receive a bad conduct discharge and would be reduced to the grade of E-3; he could receive up to 3 months' confinement for larceny; he would receive no confinement for the false official statements; and no fines and forfeitures would be adjudged.[2] In accordance with the terms of his plea agreement, Appellant was sentenced to be reduced to E-3 and to receive a bad conduct discharge. He was not sentenced to confinement for any offenses.

_____

[1] 10 U.S.C. § 880.

[2] Any automatic forfeitures would be deferred and waived by the convening authority provided Appellant established and maintained a dependent's allotment for the total amount of deferred and waived forfeitures.

## II. DISCUSSION

Consistent with our recent opinion in *United States v. Rivero*, we find that Appellant's assignments of error lack merit.[3] As in *Rivero*, "Appellant negotiated the provisions of his plea agreement in accordance with R.C.M. 705(d)(1) and enjoyed complete sentencing proceedings as required by R.C.M. 1001 and 1002. Accordingly, we find the presence and effect of the sentence limitation provision in this case accorded with the President's statement of public policy."[4] Because we find "that Appellant did receive complete presentencing proceedings, that his plea agreement's punishment limitations did not render those proceedings meaningless, and that the terms of his plea agreement did not violate public policy, we find [these AOEs] to be without merit."[5]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[6]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

S. TAYLOR JOHNSTON
Interim Clerk of Court

---

[3] 82 M.J. 629 (N-M. Ct. Crim. App. 2022) (finding that specific sentence limitations within a plea agreement do not violate the Rules for Courts-Martial or public policy), *review granted*, __ M.J. __, 2022 CAAF LEXIS 484 (C.A.A.F., July 11, 2022).

[4] *Id.* at *12.

[5] *Id.* at *14.

[6] Articles 59 & 66, UCMJ.